KETCHUM *v.* JOHNSON.

Opinion delivered April 14, 1930.

*Berry H. Randolph* and *J. R. Long,* for appellant.
*Witt & Witt,* for appellee.

McHANEY, J. This is a replevin action, brought in the justice court by appellant against appellees for the possession of one sow and five pigs of the value of $30. The venue was changed to the court of common pleas, where, on a trial, judgment was entered for appellees, and an appeal was taken to the circuit court, where, on a trial *de novo,* judgment was again entered for appellees. The court instructed a verdict for appellees for the possession of the hogs, or their value, and submitted the question as to their value to the jury, and the jury found them to be of the value of $30, and judgment was entered accordingly.

For a reversal of the case, appellant contends that the court erred in refusing to submit the case to the jury as to appellant's right to the possession of the hogs. The undisputed proof in the case shows that appellee, Johnson, found the hogs in controversy running at large and in his inclosure, and that he impounded them under the act of March 20, 1923, p. 1130, Special Acts of 1923, gave the notices as required by that act five days before the date of sale, and, nobody appearing to claim the hogs, he offered them for sale as per the notices. There being no bidders, he bid them in himself for the amount due by the terms of said act at ten cents per day per hog. He thereafter sold the hogs to appellee, Suit. More than

one year after that time appellant brought this action to replevin the hogs, and made no tender of the amount the law provides shall be paid to one who takes up stock in a stock law district. The court therefore held that appellant was not entitled to replevin the hogs until he had tendered the amount provided by law for their keep. As stated, this evidence is undisputed, and the court was correct in so holding. It appeared that appellant had obtained possession of the hogs by reason of his replevin bond, given at the time the action was instituted. The court correctly ordered him to return the hogs to appellees or pay them their value, which the jury found to be $30. It will therefore be seen that there was no question to be submitted to the jury, as the undisputed evidence showed that no tender had been made.

Appellant says, however, that there is no sufficient proof of the notices as required by said act. Appellee, Johnson, testified that he posted two of them, and John Manser testified that he posted the other one. Manser says he put up one of the notices, although he did not read it. We think this fact was therefore established by the undisputed testimony.

No error appearing, the judgment is affirmed.